1

2

3

4

5               IN THE UNITED STATES DISTRICT COURT

6              FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8  SUSAN RIZZO, an individual,        )
                                      )      2:12-cv-00825-GEB-DAD
9               Plaintiff,            )
                                      )
10       v.                           )      ORDER GRANTING MOTION TO
                                      )      STRIKE AND MOTION TO DISMISS[*]
11  BUTTE COUNTY OFFICE OF            )
   EDUCATION; HEATHER SENSKE; and     )
12  DOES 1 through 25, inclusive,     )
                                      )
13              Defendants.           )
   _____   )

14

15          Defendants Butte County Office of Education ("BCOE") and

16  Heather Senske move for an order striking Paragraph 24 from Plaintiff's

17  Complaint. Defendants argue this motion should be granted under Federal

18  Rule of Civil Procedure ("Rule") 12(f) because this paragraph contains

19  allegations that are immaterial to the claims in Plaintiff's Complaint.

20  Plaintiff has not responded to the motion. Paragraph 24 states:

21
            Between February and April 2010, Defendant Senske
22          gave Plaintiff a hard time about Plaintiff's
            involvement with the CSEA union as an officer.
23          Defendant Senske constantly nagged Plaintiff as to
            Plaintiff's duties at the CSEA union and time
24          allowed to serve as an officer. On one occasion,
            Defendant Senske criticized Plaintiff's request to
25          attend a one-hour CSEA E-Board meeting; Plaintiff's
            union representative had to intervene on behalf of
26          Plaintiff so she could attend the meeting. However,
            after the union representative contacted Defendant
27  _____

28       [*]   This matter is deemed suitable for decision without oral
   argument. E.D. Cal. R. 230(g).

                              1

Senske, Plaintiff was scolded by Defendant Senske for having the union representative intervene.

(Compl. ¶ 24.) Defendants argue this paragraph should be stricken because "there are no [claims] in the [C]omplaint related to union activity," since all claims "in the [C]omplaint are" for retaliation, harassment, disability discrimination, failure to prevent discrimination/harassment, and failure to reasonably accommodate under "California's Fair Employment and Housing Act section 12900 . . . and [Title VII] 42 U.S.C. § 2000(e)." (Mot. 4:27—5:1, 4:20—22.)

Rule 12(f) permits a court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." "'The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . .'" Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds by 510 U.S. 517 (1994)). Decisions under Rule 12(f) are based on the Rule's plain meaning. Whittlestone, 618 F.3d at 973. Thus 12(f) "'"[i]mmaterial" matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.'" Fogerty, 984 F.2d at 1527 (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382). Defendants have shown that Paragraph 24 lacks an "essential or important relationship" to Plaintiff's claims given the elements of those claims. Id.; see 42 U.S.C. § 2000e-3; Cal. Gov't Code § 12940(a), (h), (j); Lawler v. Montblanc N. Am., LLC, __ F.3d __, 2013 WL 135752, at *5, *6, *7 (9th Cir. 2013) (outlining requirements for FEHA disability discrimination, retaliation, and harassment claims). Defendants have thus "met [their]

burden in demonstrating that the Court should strike" Paragraph 24 from the Complaint. <u>SEC v. Sands</u>, 902 F. Supp. 1149, 1167 (N.D. Cal. 1995). Therefore, Paragraph 24 is stricken.

Defendant BCOE also moves under Rule 12(b)(6) for an order dismissing Plaintiff's negligent hiring, supervision, training, and retention claim against it. BCOE argues this motion should be granted since Plaintiff does not allege that she provided BCOE with a timely written administrative claim as required by the Government Claims Act. Plaintiff failed to respond to the motion.

Under the Government Claims Act, "no suit for money or damages may be brought against a public entity until a written claim has been presented to the entity." <u>Canova v. Trs. of Imperial Irrigation Dist. Emp. Pension Plan</u>, 150 Cal. App. 4th 1487, 1493 (2007); <u>see also</u> Cal. Gov't Code, §§ 905, 945.4; <u>DiCampli-Mintz v. Cnt'y of Santa Clara</u>, 55 Cal. 4th 983, 990 (2012). "[F]ailure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." <u>State v. Superior Court (Bodde)</u>, 32 Cal. 4th 1234, 1239 (2004); <u>see also</u> <u>Shirk v. Vista Unified Sch. Dist.</u>, 42 Cal. 4th 201, 209 (2007) (noting that "[t]imely claim presentation is . . . an element of the plaintiff's cause of action").

Since Plaintiff has neither alleged that she presented her claim to BCOE nor established an excuse for her noncompliance, BCOE's dismissal motion is granted. <u>See</u> Cal. Gov't Code § 905 (enumerating the exceptions to claim presentation requirement); <u>D.K. ex rel. G.M. v. Solano Cnt'y Office of Educ.</u>, 667 F. Supp. 2d 1184, 1197 (E.D. Cal. 2009) (applying claim presentation requirement to negligent supervision claim); <u>Shirk</u>, 42 Cal. 4th at 210—11 (same); <u>Lozada v. City & Cnt'y of</u>

1  San Francisco, 145 Cal. App. 4th 1139, 1152 (2006) (noting claim

2  presentation requirement applies to negligence claims).

3          For the stated reasons Paragraph 24 is stricken, and

4  Plaintiff's claim for negligent hiring, supervision, training, and

5  retention is dismissed. Plaintiff is granted fifteen (15) days leave

6  from the date on which this Order is filed to file an amended complaint

7  addressing the deficiencies referenced in this Order.

8  Dated:   January 15, 2013

9

10  _____
    GARLAND E. BURRELL, JR.

11  Senior United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28