IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN RIZZO, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>BUTTE COUNTY OFFICE OF<br>EDUCATION; HEATHER SENSKE; and<br>DOES 1 through 25, inclusive,<br><br>        Defendants.<br>_____ | 2:12-cv-00825-GEB-DAD<br><br><u>ORDER GRANTING MOTION TO</u><br><u>STRIKE AND MOTION TO DISMISS</u>[*] |

        Defendants Butte County Office of Education ("BCOE") and Heather Senske move for an order striking Paragraph 24 from Plaintiff's Complaint. Defendants argue this motion should be granted under Federal Rule of Civil Procedure ("Rule") 12(f) because this paragraph contains allegations that are immaterial to the claims in Plaintiff's Complaint. Plaintiff has not responded to the motion. Paragraph 24 states:

> Between February and April 2010, Defendant Senske gave Plaintiff a hard time about Plaintiff's involvement with the CSEA union as an officer. Defendant Senske constantly nagged Plaintiff as to Plaintiff's duties at the CSEA union and time allowed to serve as an officer. On one occasion, Defendant Senske criticized Plaintiff's request to attend a one-hour CSEA E-Board meeting; Plaintiff's union representative had to intervene on behalf of Plaintiff so she could attend the meeting. However, after the union representative contacted Defendant

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

1         Senske, Plaintiff was scolded by Defendant Senske
2         for having the union representative intervene.

3 (Compl. ¶ 24.) Defendants argue this paragraph should be stricken
4 because "there are no [claims] in the [C]omplaint related to union
5 activity," since all claims "in the [C]omplaint are" for retaliation,
6 harassment, disability discrimination, failure to prevent
7 discrimination/harassment, and failure to reasonably accommodate under
8 "California's Fair Employment and Housing Act section 12900 . . . and
9 [Title VII] 42 U.S.C. § 2000(e)." (Mot. 4:27–5:1, 4:20–22.)

10         Rule 12(f) permits a court to "strike from a pleading . . .
11 any redundant, immaterial, impertinent, or scandalous matter." "'The
12 function of a 12(f) motion to strike is to avoid the expenditure of time
13 and money that must arise from litigating spurious issues by dispensing
14 with those issues prior to trial . . . .'" <u>Whittlestone, Inc. v. Handi-
15 Craft Co.</u>, 618 F.3d 970, 973 (9th Cir. 2010) (quoting <u>Fantasy, Inc. v.
16 Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by*
17 510 U.S. 517 (1994)). Decisions under Rule 12(f) are based on the Rule's
18 plain meaning. <u>Whittlestone</u>, 618 F.3d at 973. Thus 12(f)
19 "'"[i]mmaterial" matter is that which has no essential or important
20 relationship to the claim for relief or the defenses being pleaded.'"
21 <u>Fogerty</u>, 984 F.2d at 1527 (quoting 5 Charles A. Wright & Arthur R.
22 Miller, <u>Federal Practice and Procedure</u> § 1382). Defendants have shown
23 that Paragraph 24 lacks an "essential or important relationship" to
24 Plaintiff's claims given the elements of those claims. <u>Id.</u>; <u>see</u> 42
25 U.S.C. § 2000e-3; Cal. Gov't Code § 12940(a), (h), (j); <u>Lawler v.
26 Montblanc N. Am., LLC</u>, __ F.3d __, 2013 WL 135752, at *5, *6, *7 (9th
27 Cir. 2013) (outlining requirements for FEHA disability discrimination,
28 retaliation, and harassment claims). Defendants have thus "met [their]

burden in demonstrating that the Court should strike" Paragraph 24 from the Complaint. SEC v. Sands, 902 F. Supp. 1149, 1167 (N.D. Cal. 1995). Therefore, Paragraph 24 is stricken.

Defendant BCOE also moves under Rule 12(b)(6) for an order dismissing Plaintiff's negligent hiring, supervision, training, and retention claim against it. BCOE argues this motion should be granted since Plaintiff does not allege that she provided BCOE with a timely written administrative claim as required by the Government Claims Act. Plaintiff failed to respond to the motion.

Under the Government Claims Act, "no suit for money or damages may be brought against a public entity until a written claim has been presented to the entity." Canova v. Trs. of Imperial Irrigation Dist. Emp. Pension Plan, 150 Cal. App. 4th 1487, 1493 (2007); see also Cal. Gov't Code, §§ 905, 945.4; DiCampli-Mintz v. Cnt'y of Santa Clara, 55 Cal. 4th 983, 990 (2012). "[F]ailure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1239 (2004); see also Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 209 (2007) (noting that "[t]imely claim presentation is . . . an element of the plaintiff's cause of action").

Since Plaintiff has neither alleged that she presented her claim to BCOE nor established an excuse for her noncompliance, BCOE's dismissal motion is granted. See Cal. Gov't Code § 905 (enumerating the exceptions to claim presentation requirement); D.K. ex rel. G.M. v. Solano Cnt'y Office of Educ., 667 F. Supp. 2d 1184, 1197 (E.D. Cal. 2009) (applying claim presentation requirement to negligent supervision claim); Shirk, 42 Cal. 4th at 210–11 (same); Lozada v. City & Cnt'y of

1  San Francisco, 145 Cal. App. 4th 1139, 1152 (2006) (noting claim
2  presentation requirement applies to negligence claims).
3          For the stated reasons Paragraph 24 is stricken, and
4  Plaintiff's claim for negligent hiring, supervision, training, and
5  retention is dismissed. Plaintiff is granted fifteen (15) days leave
6  from the date on which this Order is filed to file an amended complaint
7  addressing the deficiencies referenced in this Order.
8  Dated:  January 15, 2013

                                _____
                                GARLAND E. BURRELL, JR.
                                Senior United States District Judge